KAMALA D. HARRIS
Attorney General of California
SALLY MAGNANI
Senior Assistant Attorney General
BRIAN HEMBACHER
Supervising Deputy Attorney General
OLIVIA W. KARLIN
Deputy Attorneys General
State Bar No. 150432
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-0473
 Fax: (213) 897-2802
 E-mail: Olivia.Karlin@doj.ca.gov
*Attorneys for Plaintiff*

FILED
2013 MAY 20  PM 1:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiff,<br><br>v.<br><br>STANDARD NICKEL-CHROMIUM PLATING COMPANY, a California corporation; GEORGE DULGARIAN, individually; DOUGLAS DULGARIAN, individually; DEAN DULGARIAN, individually; DOUGLAS DULGARIAN as EXECUTOR for the ESTATE of HAIG DULGARIAN, deceased; the ESTATE of HAIG DULGARIAN, deceased; DUKE DULGARIAN, individually and doing business as DDD & Associates, LLC; DICKIE VAN BREENE (formerly known as DICKIE DULGARIAN), individually and doing business as DDD & Associates, LLC; DUKE DULGARIAN, as EXECUTOR for the ESTATE of DICK DULGARIAN, deceased; the ESTATE of DICK DULGARIAN, deceased,<br><br>Defendants. | CV13-03600 RGK (AJWx)<br><br>**COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF UNDER CERCLA** |

1

The State of California Department of Toxic Substances Control ("Plaintiff" or the "Department") alleges as follows:

1. This is a civil action by the Department for recovery of unreimbursed response costs and for declaratory and injunctive relief pursuant to sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9613, as amended by the Superfund Amendments and Reauthorization Act of 1986, I-99-499.

2. The Department has incurred response costs and expects to continue to incur response costs in connection with actions taken pursuant CERCLA and related state laws in response to releases and/or threatened releases of hazardous substances that have resulted or may result in soil and groundwater contamination at, beneath and/or in the vicinity of properties located at 811, 817, 819, 825, and 826 East 62nd Street, Los Angeles, CA 90001, referred to herein as "the Site." For the purposes of this Complaint, the Site also includes the areal extent of the hazardous substance contamination that is or has been present at, or has extended from the Site. The Site is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the claims by the Department under federal law pursuant to 28 U.S.C. § 1331 and CERCLA § 113(b), 42 U.S.C. § 9613(b). Venue is proper in this district pursuant to CERCLA § 113(b), 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) because the claims asserted herein arose and the releases and/or threatened releases of hazardous substances occurred in this judicial district.

**STATEMENT OF THE CASE**

4. The Department brings claims for cost recovery and declaratory relief under sections CERCLA §§ 107(a) and 113(g), 42 U.S.C. §§ 9607(a) and 9613(g), for response, removal and remediation costs incurred by the Department resulting

from a release and/or threatened release of hazardous substances at or from the Site. The Department also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and CERCLA §§107 and 113, 42 U.S.C. §§ 9607 and 9613, that Defendants are liable, jointly and severally, for all future response costs incurred by the Department in responding to releases and/or threatened releases of hazardous substances from or at the Site.

## PLAINTIFF

5. The Department is a public agency of the State of California organized and existing under and pursuant to California Health and Safety Code § 58000 et seq. Under California law, the Department is the state agency responsible for determining whether there has been a release and/or threatened release of hazardous substances into the environment, and for determining the actions to be taken in response thereto.

## DEFENDANTS

6. Defendant Standard Nickel-Chromium Plating Company is a California corporation and an "owner and/or operator" of a facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a). Defendant Standard Nickel-Chromium Plating Company also was an "owner and/or operator" of a facility at the time of the disposal of hazardous substances at the facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a).

7. Defendant George Dulgarian is an individual and an "owner and/or operator" of a facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a). Defendant George Dulgarian also was an "owner and/or operator" of a facility at the time of the disposal of hazardous substances at the facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a).

8. Defendant Douglas Dulgarian is an individual and an "owner and/or operator" of a facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a). Defendant Douglas Dulgarian also was an "owner and/or operator" of a

facility at the time of the disposal of hazardous substances at the facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a).

9. Defendant Dean Dulgarian is an individual and was an "owner and/or operator" of a facility at the time of the disposal of hazardous substances at the facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a).

10. Defendant Haig Dulgarian is an individual and was an "owner and/or operator" of a facility at the time of the disposal of hazardous substances at the facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a). Upon information and believe, DTSC alleges that Haig Dulgarian died on November 6, 2010. Defendant Douglas Dulgarian is the Executor of the Estate of Haig Dulgarian. Defendant Douglas Dulgarian is an individual residing in the State of California.

11. Defendant Duke Dulgarian is an individual who has done, and who continues to do business under the name DDD & Associates, LLC. Duke Dulgarian was an "owner and/or operator" of a facility at the time of the disposal of hazardous substances at the facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a).

12. Defendant Dickie Van Breene (formerly known as Dickie Dulgarian) is an individual who has done and continues to do business under the name DDD & Associates, LLC. Dickie Van Breene (formerly known as Dickie Dulgarian) was an "owner and/or operator" of a facility at the time of the disposal of hazardous substances at the facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a).

13. Defendant Dick Dulgarian was an "owner and/or operator" of a facility at the time of the disposal of hazardous substances at the facility, as those terms are described in CERCLA § 107(a), 42 U.S.C. § 9607(a). Dick Dulgarian did business under the name DDD & Associates, LLC. Upon information and belief, DTSC alleges that Dick Dulgarian died on January 4, 2010. Defendant Duke Dulgarian is

the Executor of the Estate of Dick Dulgarian. Defendant Duke Dulgarian is an individual residing in the State of California.

## BACKGROUND

14. In approximately 1927, a plating operation, called "Dulgarian & Sons Standard Plating Company" or "Dulgarian Sons Standard Plating Company" was established by certain members of the Dulgarian family on property at the Site. The on-Site operations included plating operations, including the chromium plating of pipes for the oil industry. The business was later incorporated in 1946 under the name Standard Nickel Chromium Plating Company or Standard Nickel Chromium Company, Inc., a named Defendant in this action.

15. Defendant Standard Nickel-Chromium Plating operated a plating company on portions of the Site and is a current owner of a portion of the Site. Defendants George Dulgarian and Douglas Dulgarian are also current owners of a portion of the Site. Defendant Dean Dulgarian, individually, Defendant Haig Dulgarian, individually, Defendant Duke Dulgarian, individually and doing business as DDD & Associates, LLC, Defendant Dickie Van Breene (formerly known as Dickie Dulgarian), individually, and doing business as DDD & Associates, LLC, and Defendant Dick Dulgarian, individually and doing business as DDD & Associates, LLC, were all at one time owners and/or operators of a portion of the Site.

16. As a result of the acts of each of the Defendants, hazardous substances have been, and continue to be, released and/or threatened to be released, into the soil and groundwater at, around, and beneath the Site.

17. The Department has conducted response actions to address the release and/or threatened release of hazardous substances at the Site. In June of 1997, the Department conducted a Site Screening for the United States Environmental Protection Agency ("US EPA") as part of an investigation of the release and/or threatened release of hazardous substances at or from the Site. In 2008, the

Department took the lead to further investigate the release and/or threatened release of hazardous substances at or from the Site.

18. As part of its investigation, the Department collected samples of soil at the Site. These samples revealed the presence of hazardous substances in the soil at the Site, including, but not limited to, hexavalent chromium, total chromium, and volatile organic compounds (VOCs), principally the industrial solvents trichloroethylene ("TCE") and perchloroethylene ("PCE"). The levels of chromium, chromium-6, PCE, and TCE in soil exceed the California Human Health Screening Levels and Preliminary Remediation Goals of the US EPA.

19. Groundwater samples have been collected at the Site. These samples revealed the presence of hazardous substances in the groundwater beneath the Site, including, but not limited to, hexavalent chromium, total chromium and VOCs, principally the industrial solvents TCE and PCE. The levels of chromium, chromium-6, PCE, and TCE in the groundwater beneath the Site exceed the California Human Health Screening Levels and Preliminary Remediation Goals of the US EPA.

20. On or about June 9, 2009, the Department issued an Imminent and Substantial Endangerment Determination and Remedial Action Order ("ISE Order") ordering Defendants to investigate and remediate the release and/or threatened release of hazardous substances at or from the Site. On or about December 29, 2010, the Department issued an Amendment to Imminent and Substantial Endangerment Determination and Remedial Action Order ("Amendment") amending the parties and certain properties identified in the ISE Order.

21. Defendants failed to complete the investigation and remediation of releases and/or threatened releases of hazardous substances at or from the Site as required by the ISE Order and Amendment.

///

COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF UNDER CERCLA

22. Response actions were and are necessary to remove and remedy the hazardous substances released and/or threatened to be released at and from the Site.

23. The Department incurred costs of "response" as that term is defined in CERCLA § 101(25), 42 U.S.C. § 9601(25), in taking actions related to the release and/or threatened release of hazardous substances at the Site. The response actions include, but are not limited to, the following activities:

a) Issuing orders to Defendants requiring response actions at and around the Site;

b) Reviewing sampling and analysis;

c) Performing inspections and preparing reports;

d) Reviewing work plans for investigation and remediation;

e) Conducting Site visits and overseeing field work;

f) Holding public meetings;

g) Meeting with potentially responsible parties; and

h) Complying with the California Environmental Quality Act.

24. Extensive work remains to be done to respond to the release and/or threatened release of hazardous substances at and from the Site. The soil at the Site remains contaminated with significant amounts of hazardous substances. The groundwater at the Site also remains contaminated with significant amounts of hazardous substances.

25. The Department will continue to incur response costs conducting and/or overseeing response actions related to the release and/or threatened release of hazardous substances at or from the Site in the future.

**FIRST CLAIM FOR RELIEF**

(Cost Recovery under CERCLA § 107(a) against each of the Defendants
(42 U.S.C. § 9607(a))

26. The allegations in Paragraphs 1 through 25 are hereby incorporated as fully alleged herein.

COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF UNDER CERCLA

27. The Site is a "facility" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

28. Each of the Defendants is or has been an "owner and/or operator" of a portion of the Site at the time of disposal of hazardous substances at the Site, within the meaning of CERCLA §§ 101(9) and 107(a)(1), (2), 42 U.S.C. §§ 9601(9) and 9607(a)(1), (2).

29. Chromium, hexavalent chromium, TCE and PCE are "hazardous substances" as defined in CERCLA § 101(14), 42 U.S.C. § 9601(4).

30. There have been releases and/or threatened releases of hazardous substances at and from the Site into the environment, within the meaning of CERCLA §§ 101(8) and 101(22), 42 U.S.C. §§ 9601(8) and 9601(22).

31. As a result of the release and/or threatened release of hazardous substances at or from the Site, the Department has incurred costs for response within the meaning of CERCLA § 101(25), 42 U.S.C. § 9601(25).

32. The Department is a "State" for the purposes of cost recovery under CERCLA § 107(a), 42 U.S.C. § 9607(a). All response costs have been incurred by the Department in a manner which satisfies the requirements of CERCLA § 107(a)(4), 42 U.S.C. § 9607(a)(4), in that the underlying activities are not inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

33. Each of the Defendants is jointly and severally liable to the Department without regard to fault or negligence under CERCLA § 107(a), 42 U.S.C. § 9607(a), for all costs of response incurred or to be incurred by the Department caused by or resulting from the release and/or threatened release of hazardous substances at or from the Site.

///

///

///

## SECOND CLAIM FOR RELIEF

(Declaratory Relief under CERCLA § 113(g)(2) against each of the Defendants (42 USC § 9613(g)(2)))

34. The allegations in Paragraphs 1 through 33 are incorporated by reference as if fully alleged herein.

35. Pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), the Department is entitled to a declaratory judgment that each of the Defendants is jointly and severally liable in any subsequent action or actions by the Department for any further costs incurred in response to the release and/or threatened release of hazardous substances at or from the Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter a judgment against Defendants as follows:

1. For a judgment that each Defendant is jointly and severally liable to the Department without regard to fault under CERCLA § 107(a), 42 U.S.C. § 9607(a), for all unreimbursed costs of response incurred by the Department as a result of the release and/or threatened release of hazardous substances at or from the Site, in an amount to be proven at trial;

2. For interest on the above sums as provided by CERCLA § 107(a), 42 U.S.C. § 9607(a);

3. For a declaration, pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), that each Defendant is jointly and severally liable to the Department without regard to fault for all future costs incurred in response to the release and/or threatened release of hazardous substances at or from the Site.

///
///
///
///

COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF UNDER CERCLA

4. For attorneys' fees, all enforcement costs, and the costs of this suit;

5. For such other relief as the Court deems just and proper.

Dated: May 17, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California

*/s/ Olivia W. Karlin*

OLIVIA W. KARLIN
Deputy Attorney General
*Attorneys for Plaintiff*

COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF UNDER CERCLA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV13- 3600 RGK (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ORIGINAL

OLIVIA W. KARLIN
Deputy Attorneys General
State Bar No. 150432
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 897-0473

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br>PLAINTIFF(S)<br>v.<br>STANDARD NICKEL-CHROMIUM PLATING COMPANY, a California corporation,<br>(SEE ADDITIONAL SUMMONS PAGE)<br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-03600-RGK (AJWx)<br><br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Olivia W. Karlin__, whose address is __Office of the Attorney General, 300 South Spring Street, # 1702, Los Angeles, CA 90013__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY 2 0 2013__      By: _____
                                   Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

SUM-200(A)

| SHORT TITLE: STATE OF CALIFORNIA VS. STANDARD NICKE-CHROMIUM | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

GEORGE DULGARIAN, individually; DOUGLAS DULGARIAN, individually; DEAN DULGARIAN, individually; DOUGLAS DULGARIAN as EXECUTOR for the ESTATE of HAIG DULGARIAN, deceased; the ESTATE of HAIG DULGARIAN, deceased; DUKE DULGARIAN, individually and doing business as DDD & Associates, LLC; DICKIE VAN BREENE (formerly known as DICKIE DULGARIAN), individually and doing business as DDD & Associates, LLC; DUKE DULGARIAN, as EXECUTOR for the ESTATE of DICK DULGARIAN, deceased; the ESTATE of DICK DULGARIAN, deceased,

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL | STANDARD NICKEL-CHROMIUM PLATING COMPANY, a California corporation; et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| OLIVIA W. KARLIN, Department of Justice<br>300 South Spring Street, Suite 1702, Los Angeles, CA 90013<br>Telephone: (213) 897-0473 | Summer Nastich, Esq.<br>Sean M. Sherlock, Esq.<br>Mark Yocca, Esq. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ all cleanup costs

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 9607 for recovery of costs and declaratory relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | **FORFEITURE/ PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☒ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: **CV13-03600**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Olu W. Karl_  Date May 17, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |