*LINK TO MC 88*

KAMALA D. HARRIS
Attorney General of California
TIMOTHY R. PATTERSON
Supervising Deputy Attorney General
OLIVIA W. KARLIN (State Bar No. 150432)
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 897-0473
Fax: (213) 897-2802
E-mail: Olivia.Karlin@doj.ca.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, <br><br> Plaintiff, <br><br> v. <br><br> STANDARD NICKEL-CHROMIUM PLATING COMPANY, a California corporation, et al. <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS. | CASE NO.: CV13-03600 RGK (AJWx) <br><br> Assigned to: Hon. R. Gary Klausner <br><br> [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND DEFENDANTS DUKE DULGARIAN AND DICKIE VAN BREENE (FORMERLY KNOWN AS DICKIE DULGARIAN) |

## INTRODUCTION

1. Plaintiff the State of California Department of Toxic Substances Control ("Plaintiff" or the "Department" or "DTSC") filed a Complaint in this matter pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, against several parties, including Defendant Duke Dulgarian, individually and doing business as DDD & Associates, LLC ("Duke Dulgarian"), and Defendant Dickie Van Breene (formerly

1

known as Dickie Dulgarian), individually and doing business as DDD & Associates, LLC ("Dickie Van Breene").[1] Through its Complaint, Plaintiff seeks the recovery of past "Response Costs"[2] incurred by Plaintiff in responding to releases and/or threatened releases of hazardous substances at or from the properties located at 811, 817, 819, 825, and 826 East 62nd Street, Los Angeles, CA 90001, also collectively known as the Standard Nickel property ("Site"), pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a). Plaintiff also seeks declaratory relief under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), alleging that defendants are jointly and severally liable for future Response Costs to be incurred by Plaintiff to address the extent of releases and/or threatened of hazardous substances at or from the Site.

2. In its Complaint, Plaintiff alleges in relevant part that:

a. In approximately 1927, a plating operation, called "Dulgarian Sons Standard Plating Company," was established by certain members of the Dulgarian family on property at the Site. The on-Site operations included plating operations, including the chromium plating of pipes for the oil industry. The business was later incorporated in 1946 under the name Standard Nickel-Chromium Plating Company.

b. Settling Defendants owned a portion of the Site. As part of a partnership known as DDD & Associates, a California general partnership ("DDD Partnership"), Settling Defendants co-owned with Dick Dulgarian the property located at 826 East 62nd Street from approximately 1988 to 1992. Plaintiff further alleges that DDD & Associates, LLC, a California limited liability company ("DDD LLC") is a successor to the DDD Partnership. Plating operations were conducted on the Site during this time. The Department contends, but Settling

---

[1] Duke Dulgarian, Dickie Van Breene (formerly known as Dickie Dulgarian) and DDD & Associates, LLC are sometimes collectively referred to herein as "Settling Defendants." Plaintiff and Settling Defendants are sometimes collectively referred to herein as "Parties." (See, *infra*, Section III.)

[2] The term "Response Costs" is defined in Section III, *infra*.

2

Defendants dispute, that hazardous substances were released into the environment from the property located at 826 East 62nd Street as a result of plating operations on the Site.

  c.   In June of 1997, the Department conducted a site screening for the United States Environmental Protection Agency as part of an investigation of the release and/or threatened release of hazardous substances at or from the Site. In 2008, the Department took the lead to further investigate the release and/or threatened release of hazardous substances at or from the Site. The Department's investigation established that hazardous substances including, but not limited to, hexavalent chromium, total chromium, and volatile organic compounds, including the industrial solvents trichloroethylene and perchloroethylene, were present in the soil, soil gas and groundwater at the Site.

  d.   On or about June 9, 2009, the Department issued an Imminent and Substantial Endangerment Determination and Remedial Action Order ("ISE Order") ordering potentially responsible parties to investigate and remediate the release of hazardous substances at or from the Site. On or about December 29, 2010, the Department issued an Amendment to the Imminent and Substantial Endangerment Determination and Remedial Action Order ("Amendment") adding certain parties, including Settling Defendants, and amending certain properties identified in the ISE Order.

  e.   The potentially responsible parties named in the ISE Order and Amendment, including Settling Defendants, failed to complete the investigation and remediation of releases and/or threatened releases of hazardous substances at or from the Site as required by the ISE Order and Amendment.

  f.   Response actions were and are necessary to remove and remedy the hazardous substances released and/or threatened to be released at and from the Site.

  g.   The Department has incurred Response Costs conducting and overseeing response actions related to the release and/or threatened release of

hazardous substances at or from the Site, including contamination of the soil, soil vapor and groundwater. These response actions include, but are not limited to: issuing orders to potentially responsible parties requiring response actions at and around the Site; reviewing sampling and analysis of environmental media; performing inspections and preparing reports; reviewing work plans for investigation and remediation; conducting Site visits and overseeing field work; holding public meetings; meeting with potentially responsible parties; and complying with the requirements of the California Environmental Quality Act. Response Costs incurred by Plaintiff remain unpaid.

h. Plaintiff will continue to incur response costs conducting and/or overseeing response actions related to the release and/or threatened release of hazardous substances at or from the Site in the future.

3. The Department contends, but Settling Defendants dispute, that Settling Defendants, as former owners and/or operators of a portion of the Site, are jointly and severally liable under CERCLA for all Response Costs incurred by Plaintiff related to the Site.

4. The Parties agree and this Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith, settlement of this matter will avoid expensive, prolonged and complicated litigation between the Parties, and this Consent Decree is fair, reasonable, in the public interest and consistent with the purpose of CERCLA.

**THEREFORE**, the Court, with the consent of the Parties to this Consent Decree, hereby **ORDERS, ADJUDGES, AND DECREES**, as follows:

**I.      JURISDICTION**

5. The Court has subject matter jurisdiction over the matters alleged in this action pursuant to 28 U.S.C. § 1331 and CERCLA and personal jurisdiction over each of the Parties. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA. Solely for the purposes of this Consent Decree and the

4

underlying Complaint, Settling Defendants waive all objections and defenses that Settling Defendants may have to the jurisdiction of the Court or to venue in this district. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

6. The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree if necessary.

## II. SETTLEMENT OF DISPUTED CLAIMS

7. This Consent Decree resolves the Settling Defendants' alleged liability in connection with the release and/or threatened release of hazardous substances at or from the Site under CERCLA § 107, 42 U.S.C. § 9607, in exchange for payment by Settling Defendants to reimburse a portion of Plaintiff's Response Costs incurred and to be incurred at or in connection with the Site.

8. Settling Defendants do not admit any of the allegations of the Complaint. Nothing in this Consent Decree shall be construed as an admission of any issue of law or fact or of any violation of law. Except as otherwise provided by this Consent Decree, this Consent Decree shall not prejudice, waive or impair any right, remedy or defense that Settling Defendants may have in any other or further legal proceeding.

9. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties.

## III. DEFINITIONS

10. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them therein. Whenever terms listed below are used in this Consent Decree, the definitions below shall apply.

11. "The Department" or "Plaintiff" shall mean the State of California Department of Toxic Substances Control, and its predecessors and successors. The Department is a public agency of the State of California organized and existing

under and pursuant to California Health and Safety Code § 58000 *et seq*. Under California law, the Department is the state agency responsible for determining whether there has been a release and/or threatened release of hazardous substances into the environment, and for determining the actions to be taken in response thereto.

12. "Effective Date" shall mean the date the Court enters an Order approving this Consent Decree.

13. "Parties" shall mean Plaintiff, Duke Dulgarian, Dickie Van Breene (formerly known as Dickie Dulgarian), DDD Partnership and DDD LLC, collectively.

14. "Party" shall mean Plaintiff, Duke Dulgarian, Dickie Van Breene (formerly known as Dickie Dulgarian), DDD Partnership or DDD LLC, individually.

15. "Response Costs" shall mean all costs of "removal," "remedial action," or "response" as those terms are defined by CERCLA § 101, 42 U.S.C. § 9601, related to the release and/or threatened release of hazardous substances at or from the Site, including the soil and groundwater.

16. "Settling Defendants" shall mean Duke Dulgarian and Dickie Van Breene (formerly known as Dickie Dulgarian), collectively. However, as specified in Paragraph 18, below, the obligations of Settling Defendants outlined in this Consent Decree are joint and several.

17. The "Site" shall mean the properties located at 811, 817, 819, 825, and 826 East 62nd Street, Los Angeles, CA 90001, also collectively known as the Standard Nickel property, including the extent of the releases of hazardous substances at or from the Site, including its various parcels, into the environment, including the soil and groundwater.

## IV. SETTLING DEFENDANTS' OBLIGATIONS

18. The obligations of Settling Defendants under this Consent Decree are joint and several.

19. Settling Defendants, jointly and severally, shall pay to Plaintiff the total sum of one hundred thirty seven thousand five hundred dollars ($137,500). The payment shall be due within thirty (30) calendar days of the Effective Date of this Consent Decree. Settling Defendants shall also pay to the Department the Department's costs of negotiating, drafting, and obtaining the approval of this Consent Decree in an amount not to exceed twenty thousand dollars ($20,000). The Department shall notify Settling Defendants of this amount within thirty (30) calendar days of the Effective Date of this Consent Decree, and the payment shall be due to Plaintiff within thirty (30) calendar days thereafter.

20. The payments specified in Paragraph 19, above, shall be made by certified or cashier's check made payable to Cashier, California Department of Toxic Substances Control, and shall bear on its face both the DTSC Site Code (300683) and state, "Standard Nickel Chromium Site." The payment shall be sent to:

> Cashier
> Accounting Office, MS-21A
> Department of Toxic Substances Control
> P.O. Box 806
> Sacramento, CA 95812-0806

A copy of the check shall be mailed to:

> Vivian Murai, Senior Attorney
> California Department of Toxic Substances Control
> Office of Legal Counsel, MS-23A
> P.O. Box 806
> Sacramento, CA 95812-0806

Or e-mailed to Vivian.Murai@dtsc.ca.gov in .pdf or .jpg format.

## V. ACCESS TO INFORMATION

21. By no later than thirty (30) calendar days of the Effective Date, Settling Defendants shall have provided to Plaintiff copies of any and all records, documents, and information within their possession or control, or that of their agents, relating to: (a) the ownership, operation or control of the Site; (b) the purchase, storage, use, handling, generation, treatment, transportation, or disposal of hazardous substances in connection with the Site; (c) releases and/or threatened releases of hazardous substances at or from the Site, including the soil and groundwater; and (d) removal, remedial or response actions conducted by any person at the Site.

22. If after the Effective Date, Settling Defendants obtain any records, documents or information described in Paragraph 21 not previously provided to Plaintiff, Settling Defendants agree to provide Plaintiff with copies of the additional records, documents or information within ten calendar days of the date Settling Defendants obtained the records, documents or information.

23. Settling Defendants may assert confidentiality claims covering part or all of the documents or information submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with California Health and Safety Code § 25358.2. Documents or information determined to be confidential by Plaintiff will be afforded the protection specified in California Health and Safety Code § 25358.2. Settling Defendants may also assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege in lieu of providing documents, Settling Defendants shall provide Plaintiff with a description of the document withheld and the basis for asserting the privilege.

## VI. COVENANT NOT TO SUE BY PLAINTIFF

24. Except as expressly provided in Section VII (Reservation of Rights) of this Consent Decree, Plaintiff covenants not to sue Settling Defendants, DDD Partnership and/or DDD LLC pursuant to CERCLA, the California Hazardous Substances Account Act ("HSAA"), California Health and Safety Code § 25300 *et seq.*, or any other statute, regulation, or common law theory to: (a) recover Plaintiff's Response Costs and all other damages (with the exception of natural resource damages) related to the Site; or (b) require Settling Defendants, DDD Partnership and/or DDD LLC to conduct response actions, including removal or remedial actions, related to the release and/or threatened release of hazardous substances at or from the Site, including the soil and groundwater. This Covenant Not to Sue is conditioned upon the complete and satisfactory performance by Settling Defendants of all their obligations under this Consent Decree.

## VII. RESERVATION OF RIGHTS

### 25. Obligations Under This Decree

In the event Plaintiff initiates any legal proceedings against Settling Defendants for non-compliance with this Consent Decree, Settling Defendants, DDD Partnership and/or DDD LLC, shall not contest their obligation to fully comply with this Consent Decree. However, in such proceedings, Settling Defendants, DDD Partnership and/or DDD LLC, may raise any and all defenses that Settling Defendants deem to be relevant to the issue of whether or not they have complied with the terms of the Consent Decree.

### 26. Claims Regarding Other Sites

Nothing in this Consent Decree is intended or shall be construed to limit the rights of the Parties with respect to claims arising out of or relating to the deposit, release, or disposal of hazardous substances at any location other than the Site subject to this Consent Decree. This subsection, however, shall not limit the

covenants not to sue and releases in this Consent Decree that apply to claims arising from the spread or passive migration of hazardous substances from the Site.

27. **Claims Against Other Persons and Entities**

a. Nothing in this Consent Decree shall constitute or be construed as a release or covenant not to sue regarding any claim or cause of action against any person (as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21), who is not a signatory to this Consent Decree, for any liability he, she or it may have arising out of or relating to the Site. Nothing in this Consent Decree shall constitute or be construed as a release or covenant not to sue regarding any claim or cause of action against Duke Dulgarian, as the Executor of the Estate of Dick Dulgarian ("Dick Dulgarian Estate"), or the Dick Dulgarian Estate. Plaintiff specifically reserves any and all rights to enforce any order or potential judgment against the Dick Dulgarian Estate through appropriate enforcement procedures including, without limitation, proceedings under Section 17705.03 of the California Corporations Code against any past, present or future membership interest of or contribution from either Dick Dulgarian (deceased) or the Dick Dulgarian Estate in either the DDD Partnership or DDD LLC and/or proceedings under Section 16504 of the California Corporations Code against any partnership interest of the Dick Dulgarian Estate in DDD Partnership or DDD LLC.

b. The legal and equitable rights retained include, but are not limited to: (i) the Department's right to compel any person who is not a signatory to the Consent Decree to conduct response actions for hazardous substance contamination at or from the Site; and (ii) the rights of the Parties to seek reimbursement and/or other relief from any person who is not a signatory to this Consent Decree for Response Costs incurred as a result of such contamination. Except as provided in Section XI.A (Parties Bound), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree.

28. **Reservation of Claims**

The Plaintiff's Covenants Not to Sue (Section VI) do not pertain to the following matters:

a. Failure of Settling Defendants, DDD Partnership and/or DDD LLC to meet the requirements of this Consent Decree;

b. Damage to natural resources, as defined in CERCLA § 101(6), 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees;

c. Settling Defendants', DDD Partnership's and/or DDD LLC's introduction of any hazardous substance, pollutant, or contaminant to the Site after the Effective Date;

d. Overt acts by Settling Defendants, DDD Partnership and/or DDD LLC after the Effective Date that cause the exacerbation of the hazardous substance conditions existing at or from the Site;

e. Claims based on liability arising from the past, present, or future disposal of hazardous substances at sites or locations other than the Site. This subsection (e), however, shall not limit the covenants not to sue in this Consent Decree that apply to claims arising from the passive migration of hazardous substances from the Site; and

f. Claims based on criminal liability. At present, however, Plaintiff has no pending criminal claim or investigation, nor is it aware of any facts that would give rise to a criminal investigation, against any Settling Defendants.

29. **Other Rights Reserved**

Except as expressly provided in the Consent Decree, nothing in the Consent Decree is intended nor shall it be construed to preclude the Department from exercising its authority under any law, statute or regulation. Furthermore, nothing in the Consent Decree is intended, nor shall it be construed, to preclude any other state agency, department, board or entity or any federal entity from exercising its authority under any law, statute or regulation.

30. **Plaintiff's Further Reservation**

Notwithstanding any other provision in the Consent Decree, Plaintiff reserves the right to institute proceedings in this action or in a new action, seeking to compel Settling Defendants, DDD Partnership and DDD LLC, or any of them, to perform additional response actions at the Site and/or to reimburse Plaintiff for additional Response Costs if:

a. Information previously unknown to the Department, which indicates that the information provided by Settling Defendants, DDD Partnership and/or DDD LLC regarding their involvement at the Site is false, or in a material respect, inaccurate, is received by the Department after the Effective Date; or

b. Conditions previously unknown to Plaintiff, for which Settling Defendants, DDD Partnership, DDD LLC or any of them, is liable under any statute or law, are discovered at the Site after the Effective Date, and these previously unknown conditions indicate a release and/or threat of release of hazardous substances into the environment.

## VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANTS

31. Settling Defendants, DDD Partnership and DDD LLC covenant not to sue and agree not to assert any claims or causes of action against Plaintiff or its contractors or employees that arise out of the transaction or occurrence that is the subject matter of Plaintiff's Complaint or for any injuries, losses, costs, or damages caused or incurred as a result of the performances or requirements of this Consent Decree or the Department's response actions at the Site. The Settling Defendants, DDD Partnership and DDD LLC reserve the right to take action to compel the Plaintiff to comply with the terms of this Consent Decree.

## IX. CONTRIBUTION PROTECTION

32. With regard to claims for contribution against Settling Defendants for "Matters Addressed" in this Consent Decree, the Parties agree, and the Court finds as follows:

12

a. This Consent Decree constitutes a judicially approved settlement within the meaning of CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2).

b. This Consent Decree requires that Settling Defendants pay certain costs with respect to their liability at the Site.

c. Settling Defendants, DDD Partnership and DDD LLC are entitled to the contribution protection provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), and by state statutory and common law for the "Matters Addressed" in this Consent Decree, except for actions and claims identified in the Department's Reservation of Rights (Section VII).

d. The "Matters Addressed" in this Consent Decree include: (1) all past and future Response Costs and all other damages (with the exception of natural resource damages) incurred by or on behalf of DTSC with respect to the Site, including DTSC oversight costs; (2) all past and future Response Costs that have been and/or may be incurred by or on behalf of any other person, including any past, present or future Site owner or operator, with respect to the Site; and (3) interest on amounts referred to in subsections (1) and (2).

e. The protection provided for in this Section IX is conditioned upon receipt by the Department of the timely payment required by the Settling Defendants pursuant to this Consent Decree.

f. This section does not prevent the DTSC from enforcing any judgment against Dick Dulgarian (deceased) or the Dick Dulgarian Estate against any of his or its interests in the DDD Partnership or DDD LLC pursuant to California Corporations Code sections 17705.03 or 16504, or other applicable law.

g. Nothing in this Consent Decree diminishes the right of DTSC under CERCLA to pursue any other person for Response Costs incurred by DTSC and to enter into settlements that give rise to contribution protection with those persons.

13

[PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF STATE OF CALIFORNIA
AND DUKE DULGARIAN AND DICKIE VAN BREENE

## X. NOTIFICATION

33. Notification to or communication among the Parties as required or provided for in this Consent Decree shall be addressed as follows:

For Plaintiff:

> Tedd Yargeau, Project Manager
> Chatsworth Cleanup Program
> California Department of Toxic Substances Control
> 9211 Oakdale Avenue
> Chatsworth, CA 91311-6505

> Vivian Murai, Senior Attorney
> California Department of Toxic Substances Control
> Office of Legal Counsel, MS-23A
> P.O. Box 806
> Sacramento, CA 95812-0806

For Settling Defendants, DDD Partnership and DDD LLC:

> Mark Yocca
> The Yocca Law Firm LLP
> 19900 MacArthur Blvd., Suite 650
> Irvine, CA 92612

## XI. GENERAL PROVISIONS

### 34. Parties Bound

This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties and their representatives, successors, heirs, legatees, and assigns.

### 35. No Waiver of Enforcement

The failure of the Department to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree. The failure of the Department to enforce any such provision shall not preclude it from later enforcing the same or any other provision of this Consent Decree.

### 36. No Findings

The statements of fact set forth in this Consent Decree are not intended to constitute a finding by the Department as to the risks to human health or the environment that may be posed by contamination at the Site. This Consent Decree does not constitute a representation by the Department that the Site, or any part thereof, is fit for any particular purpose.

### 37. Governmental Liability

Nothing herein is intended, nor shall be construed, to limit, impair, or prejudice the governmental tort, statutory or sovereign immunities available to the Department under applicable law for its oversight or other activities with respect to the Site.

### 38. Modification

This Consent Decree may be modified upon written approval of the Parties and with the consent of the Court.

### 39. Recording

Within thirty (30) calendar days of the Effective Date, Plaintiff shall record a copy of this Consent Decree, including the Exhibits hereto, with the Los Angeles County Recorder with respect to the Site, solely for the purpose of informing future purchasers of the Site, or of any portion of the Site, of the contribution protection and covenants not to sue that are provided by this Consent Decree. The Parties shall cooperate and provide assistance in taking the steps necessary to achieve the recording of this Consent Decree.

### 40. Integration

This Consent Decree constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Consent Decree may not be amended or supplemented except as provided for in the Consent Decree.

### 41. Attorneys' Fees and Costs

Settling Defendants agree to reimburse the Department for all of its costs, and the reasonable fees and costs that the Attorney General bills to the Department, related to the negotiation, approval and entry of this Consent Decree up to the maximum amount stated in paragraph 19, above. This paragraph shall have no effect on the rights of the Department or Settling Defendants to recover such fees or costs from any other party.

If the Department brings an action against Settling Defendants to enforce this Consent Decree, and is successful in such action, the Settling Defendants against whom enforcement is sought shall reimburse the Department for all costs of such action, including, but not limited to, attorneys' fees.

### 42. Counterparts

This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

### 43. Applicable Law

This Consent Decree is entered into and shall be construed and interpreted in accordance with the laws of the State of California and, where applicable, the laws of the United States.

### 44. Notice

The Settling Defendants, DDD Partnership and DDD LLC have each hereby appointed the agent(s) identified on their respective signature pages attached to this Consent Decree authorized to receive notices, on behalf of each of them, to receive notice with respect to all matters arising under or relating to this Consent Decree.

### 45. Lodging and Public Notice

This Consent Decree was lodged with the Court for a period of not less than thirty (30) calendar days. After a public comment period of at least thirty (30) calendar days, the Consent Decree was revised, with the consent of the Parties, and

with notice to those who provided comments. These revisions are described in Plaintiff's Motion for Judicial Approval of the Consent Decree.

46. **Court Refusal to Enter Consent Decree**

If, for any reason, the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

47. **Signatories**

Each signatory to this Consent Decree certifies that he or she is fully authorized by the Party he or she represents to enter into the terms and conditions of this Consent Decree, to execute it on behalf of the party represented, and to legally bind that party to all the terms and conditions of this Consent Decree.

DUKE DULGARIAN consents to this Consent Decree as follows:

_____  Date 4-5-14
Duke Dulgarian, an individual, a general
partner of DDD & Associates, a California
general partnership and Manager and
Member of DDD & Associates, LLC,
a California limited liability company


DICKIE VAN BREENE consents to this Consent Decree as follows:

_____  Date 4-5-14
Dickie Van Breene, an individual, (FKA
Dickie Dulgarian) and, a general partner
of DDD & Associates, a California
general partnership, and as Manager and
Member of DDD & Associates, LLC,
a California limited liability company

17

[PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF STATE OF CALIFORNIA
AND DUKE DULGARIAN AND DICKIE VAN BREENE

Plaintiff consents to this Consent Decree by its duly authorized representative as follows:

FOR THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL:

_____ Date 4/7/2014
Stephen W. Lavinger
Chatsworth Cleanup Program
Brownfields and Environmental Restoration Program

SO ORDERED, SIGNED and ENTERED THIS 20TH DAY OF MAY, 2014.

Dated: MAY 20 2014, 2014    _____
                            The Honorable R. Gary Klausner
                            United States District Court Judge