KAMALA D. HARRIS
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General
OLIVIA W. KARLIN (State Bar No. 150432)
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 897-0473
Fax: (213) 897-2802
E-mail: Olivia.Karlin@doj.ca.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiff,<br><br>v.<br><br>STANDARD NICKEL-CHROMIUM PLATING COMPANY, a California corporation, et. al,<br><br>Defendants. | Case No.: CV13-03600 RGK (AJWx)<br><br>[PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND DEFENDANTS GEORGE DULGARIAN, DOUGLAS DULGARIAN AND DEAN DULGARIAN<br><br>Judge: The Honorable R. Gary Klausner |

## INTRODUCTION

1. Plaintiff the State of California Department of Toxic Substances Control ("Plaintiff" or the "Department" or "DTSC") filed a Complaint in this matter pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., against several parties, including Defendant George Dulgarian, Defendant Douglas Dulgarian, and Dean Dulgarian each in their individual capacities.[1] Through its Complaint, Plaintiff

---

[1] George Dulgarian, Douglas Dulgarian and Dean Dulgarian are sometimes collectively referred to herein as "Settling Defendants." Plaintiff and Settling Defendants are sometimes collectively (continued...)

seeks the recovery of past "Response Costs"[2] incurred by Plaintiff in responding to releases and/or threatened releases of hazardous substances at or from the properties located at 811, 817, 819, 825, and 826 East 62nd Street, Los Angeles, CA 90001, also collectively known as the Standard Nickel property ("Site"), pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a). Plaintiff also seeks declaratory relief under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), alleging that defendants are jointly and severally liable for future Response Costs to be incurred by Plaintiff to address the extent of releases and/or threatened of hazardous substances at or from the Site.

2. In its Complaint, Plaintiff alleges in relevant part that:

a. In approximately 1927, a plating operation, called "Dulgarian Sons Standard Plating Company," was established by certain members of the Dulgarian family on property at the Site. The on-Site operations included plating operations, including the chromium plating of pipes for the oil industry. The business was later incorporated in 1946 under the name Standard Nickel-Chromium Plating Company.

b. Settling Defendants co-owned a portion of the Site. Settling Defendants co-owned the property located at 825 East 62nd Street, Los Angeles, California from approximately 1993 to the present, and co-owned 826 East 62nd Street from approximately 1989 to the present. Plating operations were conducted on the Site during this time. DTSC contends, but Settling Defendants dispute, that hazardous substances were released into the environment from the properties located at 825 East 62nd Street and 826 East 62nd Street as a result of plating operations on the Site.

///

---

(...continued)
referred to herein as "Parties." (See, *infra*, Section III.)

[2] The term "Response Costs" is defined in Section III, *infra*.

c. In June of 1997, the Department conducted a site screening for the United States Environmental Protection Agency as part of an investigation of the release and/or threatened release of hazardous substances at or from the Site. In 2008, the Department took the lead to further investigate the release and/or threatened release of hazardous substances at or from the Site. The Department's investigation established that hazardous substances including, but not limited to, hexavalent chromium, total chromium, and volatile organic compounds, including the industrial solvents trichloroethylene and perchloroethylene, were present in the soil, soil gas and groundwater at the Site.

d. On or about June 9, 2009, the Department issued an Imminent and Substantial Endangerment Determination and Remedial Action Order ("ISE Order") ordering potentially responsible parties, including Settling Defendants, to investigate and remediate the release of hazardous substances at or from the Site. On or about December 29, 2010, the Department issued an Amendment to the Imminent and Substantial Endangerment Determination and Remedial Action Order ("Amendment") adding certain parties, including Settling Defendants, and amending certain properties identified in the ISE Order.

e. The potentially responsible parties named in the ISE Order and Amendment, including Settling Defendants, failed to complete the investigation and remediation of releases and/or threatened releases of hazardous substances at or from the Site as required by the ISE Order and Amendment.

f. Response actions were and are necessary to remove and remedy the hazardous substances released and/or threatened to be released at and from the Site.

g. The Department has incurred Response Costs conducting and overseeing response actions related to the release and/or threatened release of hazardous substances at or from the Site, including contamination of the soil, soil vapor and groundwater. These response actions include, but are not limited to:

3 [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND GEORGE, DOUGLAS AND DEAN DULGARIAN

issuing orders to potentially responsible parties requiring response actions at and around the Site; reviewing sampling and analysis of environmental media; performing inspections and preparing reports; reviewing work plans for investigation and remediation; conducting Site visits and overseeing field work; holding public meetings; meeting with potentially responsible parties; and complying with the requirements of the California Environmental Quality Act. Response Costs incurred by Plaintiff remain unpaid.

    h.    Plaintiff will continue to incur response costs conducting and/or overseeing response actions related to the release and/or threatened release of hazardous substances at or from the Site in the future.

    3.    The Department contends, but Settling Defendants dispute, that Settling Defendants, as former owners and/or operators of a portion of the Site, are jointly and severally liable under CERCLA for all Response Costs incurred by Plaintiff related to the Site.

    4.    The Parties agree and this Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith; settlement of this matter will avoid expensive, prolonged and complicated litigation between the Parties, and this Consent Decree is fair, reasonable, in the public interest and consistent with the purpose of CERCLA.

**THEREFORE**, the Court, with the consent of the Parties to this Consent Decree, hereby **ORDERS, ADJUDGES, AND DECREES**, as follows:

## I. JURISDICTION

    1.    The Court has subject matter jurisdiction over the matters alleged in this action pursuant to 28 U.S.C. § 1331 and CERCLA and personal jurisdiction over each of the Parties. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA. Solely for the purposes of this Consent Decree and the underlying Complaint, Settling Defendants waive all objections and defenses that Settling Defendants may have to the jurisdiction of the Court or to venue in this

4 [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND GEORGE, DOUGLAS AND DEAN DULGARIAN

district. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

2. The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree if necessary.

## II. SETTLEMENT OF DISPUTED CLAIMS

3. This Consent Decree resolves the Settling Defendants' alleged liability in connection with the release and/or threatened release of hazardous substances at or from the Site under CERCLA § 107, 42 U.S.C. § 9607, in exchange for payment by Settling Defendants to reimburse a portion of Plaintiff's Response Costs incurred and to be incurred at or in connection with the Site.

4. Settling Defendants do not admit any of the allegations of the Complaint. Nothing in this Consent Decree shall be construed as an admission of any issue of law or fact or of any violation of law. Except as otherwise provided by this Consent Decree, this Consent Decree shall not prejudice, waive or impair any right, remedy or defense that Settling Defendants may have in any other or further legal proceeding.

5. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties.

## III. DEFINITIONS

6. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them therein. Whenever terms listed below are used in this Consent Decree, the definitions below shall apply.

7. "The Department" or "DTSC" or "Plaintiff" shall mean the State of California Department of Toxic Substances Control, and its predecessors and successors. The Department is a public agency of the State of California organized and existing under and pursuant to California Health and Safety Code § 58000 et seq. Under California law, the Department is the state agency

responsible for determining whether there has been a release and/or threatened release of hazardous substances into the environment, and for determining the actions to be taken in response thereto.

8. "Effective Date" shall mean the date the Court enters an Order approving this Consent Decree.

9. "Parties" shall mean Plaintiff, George Dulgarian, Douglas Dulgarian and Dean Dulgarian, collectively.

10. "Party" shall mean Plaintiff, George Dulgarian, Douglas Dulgarian or Dean Dulgarian, individually.

11. "Response Costs" shall mean all costs of "removal," "remedial action," or "response" as those terms are defined by CERCLA § 101, 42 U.S.C. § 9601, related to the release and/or threatened release of hazardous substances at or from the Site, including the soil and groundwater.

12. "Settling Defendants" shall mean George Dulgarian, Douglas Dulgarian and Dean Dulgarian collectively. However, as specified in Paragraph 14, below, the obligations of Settling Defendants outlined in this Consent Decree are joint and several.

13. The "Site" shall mean the properties located at 811, 817, 819, 825, and 826 East 62nd Street, Los Angeles, CA 90001, also collectively known as the Standard Nickel property, including the extent of the releases of hazardous substances at or from the Site, including its various parcels, into the environment, including the soil and groundwater.

## IV. SETTLING DEFENDANTS' OBLIGATIONS

14. The obligations of Settling Defendants under this Consent Decree are joint and several.

15. Settling Defendants shall collectively pay to Plaintiff the total sum of nine hundred fifty thousand dollars ($950,000) to DTSC. Settling Defendants shall pay DTSC the sum of $950,000 as follows:

a. Within thirty (30) calendar days of the Effective Date of this Consent Decree, Settling Defendants shall pay DTSC the first payment in the sum of five hundred thousand dollars ($500,000).

b. Within 210 days of the Effective Date of this Consent Decree, Settling Defendants shall pay DTSC the second payment in the sum of seventy-five thousand dollars ($75,000).

c. Within 390 days of the Effective Date of this Consent Decree, Settling Defendants shall pay DTSC the third payment in the sum of seventy-five thousand dollars ($75,000).

d. Within 570 days of the Effective Date of this Consent Decree, Settling Defendants shall pay DTSC the fourth payment in the sum of seventy-five thousand dollars ($75,000).

e. Within 750 days of the Effective Date of this Consent Decree, Settling Defendants shall pay DTSC the fifth payment in the sum of seventy-five thousand dollars ($75,000).

f. Within 930 days of the Effective Date of this Consent Decree, Settling Defendants shall pay DTSC the sixth payment in the sum of seventy-five thousand dollars ($75,000).

g. Within 1080 days of the Effective Date of this Consent Decree, Settling Defendants shall pay DTSC the seventh and final payment in the sum of seventy-five thousand dollars ($75,000).

h. If Settling Defendants fail to make any of the above installment payments in full within thirty (30) days of its due date, then the Department at is option may declare the entire balance of the outstanding costs to be due and owing.

i. Every payment required under this Consent Decree shall be made in accordance with the instructions provided in paragraph 16.

///

j. Settling Defendants may pay any remaining balance early without penalty.

k. If any Settling Defendant fails to make any payment timely as provided herein, Settling Defendants agree to pay interest thereon at the rate established pursuant to Health and Safety Code § 25360.1.

16. The payments specified in Paragraph 15 above, shall be made by certified or cashier's check made payable to Cashier, California Department of Toxic Substances Control, and shall bear on its face both the DTSC Site Code (300683) and also the phrase, "Standard Nickel Chromium Site."

a. The payment shall be sent to:
Cashier
Accounting Office, MS-21A
Department of Toxic Substances Control
P.O. Box 806
Sacramento, CA 95812-0806

A copy of the check shall be mailed to:

Vivian Murai, Senior Attorney
California Department of Toxic Substances Control
Office of Legal Counsel, MS-23A
P.O. Box 806
Sacramento, CA 95812-0806

Or e-mailed to Vivian.Murai@dtsc.ca.gov in .pdf or .jpg format.

## V. ACCESS TO INFORMATION

17. By no later than thirty (30) calendar days of the Effective Date, Settling Defendants shall have provided to Plaintiff copies of any and all records, documents, and information within their possession or control, or that of their agents, relating to: (a) the ownership, operation or control of the Site; (b) the purchase, storage, use, handling, generation, treatment, transportation, or disposal of hazardous substances in connection with the Site; (c) releases and/or threatened releases of hazardous substances at or from the Site, including the soil and groundwater; and (d) removal, remedial or response actions conducted by any person at the Site.

8 [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND GEORGE, DOUGLAS AND DEAN DULGARIAN

18. If after the Effective Date, Settling Defendants obtain any records, documents or information described in Paragraph 17 not previously provided to Plaintiff, Settling Defendants agree to provide Plaintiff with copies of the additional records, documents or information within ten calendar days of the date Settling Defendants obtained the records, documents or information.

19. Settling Defendants may assert confidentiality claims covering part or all of the documents or information submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with California Health and Safety Code § 25358.2. Documents or information determined to be confidential by Plaintiff will be afforded the protection specified in California Health and Safety Code § 25358.2. Settling Defendants may also assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege in lieu of providing documents, Settling Defendants shall provide Plaintiff with a description of the document withheld and the basis for asserting the privilege.

## VI. COVENANT NOT TO SUE BY PLAINTIFF

20. Except as expressly provided in Section VII (Reservation of Rights) of this Consent Decree, Plaintiff covenants not to sue Settling Defendants pursuant to CERCLA, the California Hazardous Substances Account Act ("HSAA"), California Health and Safety Code § 25300 et seq., or any other statute, regulation, or common law theory to: (a) recover Plaintiff's Response Costs and all other damages (with the exception of natural resource damages) related to the Site; or (b) require Settling Defendants to conduct response actions, including removal or remedial actions, related to the release and/or threatened release of hazardous substances at or from the Site, including the soil and groundwater. This Covenant Not to Sue is conditioned upon the complete and satisfactory performance by Settling Defendants of all their obligations under this Consent Decree. However,

this Covenant not to Sue shall be revoked and deemed not effective if Settling Defendants fail to make any of the payments as required by Paragraph 15 of this Consent Decree.

## VII. RESERVATION OF RIGHTS

**21. Obligations Under This Decree**

In the event Plaintiff initiates any legal proceedings against Settling Defendants for non-compliance with this Consent Decree, Settling Defendants shall not contest their obligation to fully comply with this Consent Decree. However, in such proceedings, Settling Defendants may raise any and all defenses that Settling Defendants deem to be relevant to the issue of whether or not they have complied with the terms of the Consent Decree.

**22. Claims Regarding Other Sites**

Nothing in this Consent Decree is intended or shall be construed to limit the rights of any Party with respect to claims arising out of or relating to the deposit, release, or disposal of hazardous substances at any location other than the Site subject to this Consent Decree. This subsection, however, shall not limit the covenants not to sue and releases in this Consent Decree that apply to claims arising from the spread or passive migration of hazardous substances from the Site.

**23. Claims Against Other Persons and Entities**

Nothing in this Consent Decree shall constitute or be construed as a release or covenant not to sue regarding any claim or cause of action against any person (as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21), who is not a signatory to this Consent Decree, for any liability he, she or it may have arising out of or relating to the Site. The legal and equitable rights retained include, but are not limited to: (i) the Department's right to compel any person who is not a signatory to the Consent Decree to conduct response actions for hazardous substance contamination at or from the Site; and (ii) the rights of the Parties to seek

10 [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND GEORGE, DOUGLAS AND DEAN DULGARIAN

Case 2:13-cv-03600-RGK-AJW Document 180 Filed 08/04/14 Page 11 of 18 Page ID
Case 2:13-cv-03600-RGK-AJW Document 159 Filed 06/27/14 Page 11 of 19 Page ID
#:5165

reimbursement and/or other relief from any person who is not a signatory to this Consent Decree for Response Costs incurred as a result of such contamination. Except as provided in Section XI.A (Parties Bound), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree.

24. **Reservation of Claims**

The Plaintiff's Covenants Not to Sue (Section VI) do not pertain to the following matters:

a. Failure of Settling Defendants to meet the requirements of this Consent Decree;

b. Damage to natural resources, as defined in CERCLA § 101(6), 42 U.S.C. § 9601(6), including all costs incurred by any natural resources trustees;

c. Settling Defendants' introduction of any hazardous substance, pollutant, or contaminant to the Site after the Effective Date;

d. Overt acts by Settling Defendants after the Effective Date that cause the exacerbation of the hazardous substance conditions existing at or from the Site;

e. Claims based on liability arising from the past, present, or future disposal of hazardous substances at sites or locations other than the Site. This subsection (e), however, shall not limit the covenants not to sue in this Consent Decree that apply to claims arising from the passive migration of hazardous substances from the Site; and

f. Claims based on criminal liability. At present, however, Plaintiff has no pending criminal claim or investigation, nor is it aware of any facts that would give rise to a criminal investigation, against any Settling Defendants.

25. **Other Rights Reserved**

Except as expressly provided in the Consent Decree, nothing in the Consent Decree is intended nor shall it be construed to preclude the Department from

11. [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND GEORGE, DOUGLAS AND DEAN DULGARIAN

1  exercising its authority under any law, statute or regulation including, but not
2  limited to, taking action in the future to require the owner of the Site to record an
3  Environmental Restrictions Covenant. Furthermore, nothing in the Consent
4  Decree is intended, nor shall it be construed, to preclude any other state agency,
5  department, board or entity or any federal entity from exercising its authority
6  under any law, statute or regulation.

   26.  **Plaintiff's Further Reservation**

Notwithstanding any other provision in the Consent Decree, Plaintiff reserves the right to institute proceedings in this action or in a new action, seeking to compel Settling Defendants, or any of them, to perform additional response actions at the Site and/or to reimburse Plaintiff for additional Response Costs if:

   a.  Information previously unknown to the Department, which indicates that the information provided by Settling Defendants regarding their involvement at the Site is false, or in a material respect, inaccurate, is received by the Department after the Effective Date; or

   b.  Conditions previously unknown to Plaintiff, for which Settling Defendants or any of them, is liable under any statute or law, are discovered at the Site after the Effective Date, and these previously unknown conditions indicate a release and/or threat of release of hazardous substances into the environment.

## VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANTS

   27.  Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against Plaintiff or its contractors or employees that arise out of the transaction or occurrence that is the subject matter of Plaintiff's Complaint or for any injuries, losses, costs, or damages caused or incurred as a result of the performances or requirements of this Consent Decree or the Department's response actions at the Site. The Settling Defendants reserve the right to take action to compel the Plaintiff to comply with the terms of this Consent Decree.

## IX. CONTRIBUTION PROTECTION

28. With regard to claims for contribution against Settling Defendants for "Matters Addressed" in this Consent Decree, the Parties agree, and the Court finds as follows:

    a. This Consent Decree constitutes a judicially approved settlement within the meaning of CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2).

    b. This Consent Decree requires that Settling Defendants pay certain costs with respect to their liability at the Site.

    c. Settling Defendants are entitled to the contribution protection provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), and by state statutory and common law for the "Matters Addressed" in this Consent Decree, except for actions and claims identified in the Department's Reservation of Rights (Section VII).

    d. The "Matters Addressed" in this Consent Decree include: (1) all past and future Response Costs and all other damages (with the exception of natural resource damages) incurred by or on behalf of DTSC with respect to the Site, including DTSC oversight costs; (2) all past and future Response Costs that have been and/or may be incurred by or on behalf of any other person, including any past, present or future Site owner or operator, with respect to the Site; and (3) interest on amounts referred to in subsections (1) and (2).

    e. The protection provided for in this Section IX is conditioned upon receipt by the Department of the timely payment required by the Settling Defendants pursuant to this Consent Decree.

    f. Nothing in this Consent Decree diminishes the right of DTSC under CERCLA to pursue any other person for Response Costs incurred by DTSC and to enter into settlements that give rise to contribution protection with those persons.

///

///

## X. NOTIFICATION

29. Notification to or communication among the Parties as required or provided for in this Consent Decree shall be addressed as follows:

For Plaintiff:

> Tedd Yargeau, Project Manager
> Chatsworth Cleanup Program
> California Department of Toxic Substances Control
> 9211 Oakdale Avenue
> Chatsworth, CA 91311-6505

> Vivian Murai, Senior Attorney
> California Department of Toxic Substances Control
> Office of Legal Counsel, MS-23A
> P.O. Box 806
> Sacramento, CA 95812-0806

For Settling Defendants:

> Sean M. Sherlock
> Snell & Wilmer L.L.P.
> 600 Anton Boulevard, Suite 1400
> Costa Mesa, CA 92626

## XI. GENERAL PROVISIONS

30. **Parties Bound**

This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties and their representatives, successors, heirs, legatees, and assigns.

31. **No Waiver of Enforcement**

The failure of the Department to enforce any provision of this Consent Decree shall in no way be deemed a waiver of such provision or in any way affect the validity of this Consent Decree. The failure of the Department to enforce any such provision shall not preclude it from later enforcing the same or any other provision of this Consent Decree.

32. **No Findings**

The statements of fact set forth in this Consent Decree are not intended to

constitute a finding by the Department as to the risks to human health or the environment that may be posed by contamination at the Site. This Consent Decree does not constitute a representation by the Department that the Site, or any part thereof, is fit for any particular purpose.

33. **Governmental Liability**.

Nothing herein is intended, nor shall be construed, to limit, impair, or prejudice the governmental tort, statutory or sovereign immunities available to the Department under applicable law for its oversight or other activities with respect to the Site.

34. **Modification**

This Consent Decree may be modified upon written approval of the Parties and with the consent of the Court.

35. **Recording**

Within thirty (30) calendar days of the Effective Date, Plaintiff shall record a copy of this Consent Decree, including the Exhibits hereto, with the Los Angeles County Recorder with respect to the Site, solely for the purpose of informing future purchasers of the Site, or of any portion of the Site, of the contribution protection and covenants not to sue that are provided by this Consent Decree. The Parties shall cooperate and provide assistance in taking the steps necessary to achieve the recording of this Consent Decree.

36. **Integration**

This Consent Decree constitutes the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Consent Decree may not be amended or supplemented except as provided for in the Consent Decree.

37. **Attorneys' Fees and Costs**

Settling Defendants agree to reimburse the Department for all of its costs, and the reasonable fees and costs that the Attorney General bills to the

Department, related to the negotiation, approval and entry of this Consent Decree, the total amount not to exceed twenty thousand dollars ($20,000). This paragraph shall have no effect on the rights of the Department or Settling Defendants to recover such fees or costs from any other party.

If the Department brings an action against Settling Defendants to enforce this Consent Decree, and is successful in such action, the Settling Defendants against whom enforcement is sought shall reimburse the Department for all costs of such action, including, but not limited to, attorneys' fees.

38. **Counterparts**

This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

39. **Applicable Law**

This Consent Decree is entered into and shall be construed and interpreted in accordance with the laws of the State of California and, where applicable, the laws of the United States.

40. **Notice**

The Settling Defendants have each hereby appointed the agent(s) identified on their respective signature pages attached to this Consent Decree authorized to receive notices, on behalf of each of them, to receive notice with respect to all matters arising under or relating to this Consent Decree.

41. **Lodging and Public Notice**

A substantially similar Consent Decree was lodged with the Court for a period of not less than thirty (30) calendar days. After a public comment period of at least thirty (30) calendar days, that Consent Decree was revised, with the consent of the Parties, and with notice to the other defendants in this action. These revisions are described in Plaintiff's Motion for Judicial Approval of the Consent Decree. No public comment was received. This [Proposed] Consent

Decree supersedes the prior version that was executed by the Parties and lodged with the Court on April 14, 2014.

42. **Court Refusal to Enter Consent Decree**

If, for any reason, the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

43. **Signatories**

Each signatory to this Consent Decree certifies that he or she is fully authorized by the Party he or she represents to enter into the terms and conditions of this Consent Decree, to execute it on behalf of the party represented, and to legally bind that party to all the terms and conditions of this Consent Decree.

GEORGE DULGARIAN consents to this Consent Decree as follows:

_[signature]_ Date 6-12-14
George Dulgarian

DOUGLAS DULGARIAN consents to this Consent Decree as follows:

_[signature]_ Date 6/12/14
Douglas Dulgarian

DEAN DULGARIAN consents to this Consent Decree as follows:

_[signature]_ Date 6/12/14
Dean Dulgarian

//

17 [PROPOSED] CONSENT DECREE BETWEEN PLAINTIFF AND GEORGE, DOUGLAS AND DEAN DULGARIAN

Plaintiff consents to this Consent Decree by its duly authorized representative as follows:

FOR THE DEPARTMENT OF TOXIC SUBSTANCES CONTROL:

_____  Date __6/24/2014__
Stephen W. Lavinger
Chatsworth Cleanup Program
Brownfields and Environmental Restoration Program

SO ORDERED, SIGNED and ENTERED THIS __4TH__ DAY OF __AUGUST__, 2014.

Dated: __AUG 4 2014__, 2014   _____
The Honorable R. Gary Klausner
United States District Court Judge